( 1 )
## WM. DAVIS *v.* THE BOARD OF COMMISSIONERS OF STOKES COUNTY and JOHN F. POINDEXTER.

( 2 )
## WILLIAM DAVIS *v.* THE BOARD OF COMMISSIONERS OF STOKES COUNTY.

### (72 N. C. Rep., 441.)

A County Court borrowed money of a bank, to aid the rebellion: *Held*, that it was not the duty of the County Court to pay the debt; nor could the bank have made the county pay it. Subsequently the County Court borrowed the money to pay this bank debt: *Held*, that the county was not bound, either on the bond given, or on any implied contract, to pay the same, as it might have been, if the money had been applied to some legitimate object, as to support the poor. and such like.

The surety on the bond of the county, acting for himself, and not as agent for the county, becomes liable to the party who loaned the money for no illegal purpose.

PETITION to rehear the two cases, decided in this court at January Term, 1875, and which are reported in 72 N. C. Rep. 441.

The plaintiff moved the court to re-hear upon the ground in the first named case, that there was error in the judgment and decision aforesaid in this, that although the county of

Stokes is not liable on the note, yet it is liable on the implied contract to repay the money borrowed of Poindexter, to whose rights, on payment of the $500, the plaintiff, Davis, was subrogated *pro tanto*, which it received and appropriated to its own use, and that use held not to be an unlawful one."

That in the second case, " there was error in the judgment and decision aforesaid in this, that although the county of Stokes is not liable on the note, yet it is liable on the implied contract to repay the plaintiff's money which it received and appropriated to its own use, and that use held not to be an unlawful one.

For a further statement of the facts, see the report of the cases in 72 N. C. Rep. 241, and the opinion of the court therein.

*Shipp & Baily.* for the petitioner.
*J. F. Graves*, *Watson & Glen*, contra.

READE J. We have with care considered what we said, and examined the authorities cited upon the rehearing. (See same case reported in 72 N. C. Rep. 441.) And we do not see the alleged error.

In *Poindexter* v. *Davis*, 67 N. C. Rep. 112, cited by the plaintiff, the liability of the *county* was not involved ; but the liability of the present plaintiff, who was then defendant as *surety* of the county.

And when it is remembered that a county may be liable when the princpal is not, it will be seen that that case has nothing to do with this, which involves the liability of the *county* alone. In the opinion delivered in this case upon the first hearing, it is illustrated how a surety may be liable when the principal is not : surety of infant, *feme covert*, a county undertaking to build a church, &c.

But now it is insisted, that although the county was not liable upon the *bond* to Poindexter, because it was *ultra vires*,

yet, inasmuch as the county actually received the money and applied it to county purposes; and inasmuch as the plaintiff, as surety, has paid the debt for the county, there is a *moral* obligation upon the county to pay, and an *implied* promise that it will pay.

It is the duty of a county to support its poor and to *levy taxes* for that purpose ; but it has no power to *borrow money and give its bonds* for that purpose, (as we will suppose for the sake of the argument,) and a suit upon *such bond* would fail.    But if the county received the money and used it for the support of the poor, the plaintiff has cited very respectable authority that the county would be liable upon an implied contract.    Let it be admitted that it would be liable.    But it is not the duty of a county to build churches, and if the county board were to borrow money, with or without a bond, for such purpose, the county would not be liable in any form.

The want of attention to that distinction has led the plaintiff into error.   The board is the agent of the county to support the poor, but is not its agent to build churches, although the building of churches is not infected with any turpitude. But if the board borrows money, either to support the poor or to build a church, and gives its bond, with A B as surety, then the *surety* is liable whether the board is or not.

Apply these principles to our case.    The County Court of Stokes borrowed money of the bank to aid the rebellion—was it the duty of the county to pay that debt ?   Of course not. Could the bank have made the county pay it ?   Of course not.    When therefore the County Court subsequently borrowed money and gave its bond to pay that debt, it simply did what it had no power to do, and therefore the county was not bound upon an implied contract, as it might have been if the money had been applied to something that the county was obliged to do—as to support the poor.    But still, the plaintiff by becoming surety on the bond, acting for himself and not as agent for a county, became liable to Poindexter, who loaned

his money for no *illegal* purpose.    And now, as we said in the former opinion, " when the plaintiff calls upon the people of Stokes county to reimburse or indemnify him, they have the right to answer that he was not *their* surety, that the County Court was not *their* agent to contract *that* debt, and therefore they are not liable.

And so we have to repeat what we said in our former opinion, that notwithstanding the hardship upon the plaintiff and the shame upon the defendants, the decision must stand.

PER CURIAM.                    Petition to re-hear dismissed.